IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–70–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOHN AARON CHAMP, | |
| Defendant. | |

Before the Court is Defendant John Aaron Champ's Motion for Early Termination of Supervision. (Doc. 94.) Neither the United States nor Mr. Champ's United States Probation Officer object to his early termination. (Doc. 93 at 1–2.) The Motion will be granted.

**BACKGROUND**

Mr. Champ was sentenced on October 19, 2022, to a probationary term of five years following a guilty plea to assault resulting in serious bodily injury of a dating partner and crime on a reservation, in violation of 18 U.S.C. §§ 113(a)(7) and 1153(a). (Doc. 62.) Thereafter, on December 7, 2023, following a hearing on a Petition to Revoke Supervised Release, Mr. Champ was sentenced to the custody of the United States Bureau of Prisons for a total term of 12 months with 24

1

months supervised release to follow. (Doc. 88.) Mr. Champ's current term of

supervision commenced on April 26, 2024.

## DISCUSSION

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to

consider a wide range of circumstances when determining whether to grant early

termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr.

Champ began his 2-year term of supervised release on April 16, 2024, rendering

him statutorily eligible for the premature termination of his remaining term of

supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Champ's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Champ waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Champ's supervised release is obviously favorable to him and the United States does not object. (Doc. 93.) Accordingly, the Court will dispose of this matter without a hearing.

the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Champ's remaining term of supervised release. Mr. Champ has maintained employment since he was released from custody, working for Alsco, Red Lobster, and Montana Radiators until his employment with Red Lobster conflicted with his obligations to STEER Court. Since leaving Red Lobster, however, Mr. Champ has returned to Alsco where he currently drives semi-trucks. Mr. Champ has resided in sober living and will soon move into his own trailer with his daughter. Mr. Champ has had no violations or revocations since his most recent release from custody. Finally, Mr. Champ recently graduated from STEER Court. The Court wishes him luck.

Accordingly, IT IS ORDERED that the motion (Doc. 93) is GRANTED.

IT IS FURTHER ORDERED that Mr. Champ's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 12th day of March, 2026.

_____
Dana L. Christensen, District Judge
United States District Court